**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-61056
Summary Calendar

_____

THOMAS FOX GREEN,

                                        Plaintiff-Appellant,

versus

ROBERT JOHNSON, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF
CORRECTIONS; UNKNOWN WALLER,
Warden; UNKNOWN SMITH, Legal
Officer; UNKNOWN DICKSON, Mail
Room Officer; CCA BOARD OF DIRECTORS;
UNKNOWN ALEXANDER, Assistant Supervisor;
EMMIT SPARKMAN, Parchman Superintendent;
UNKNOWN HAYWOOD, Transporting Correctional
Officer; UNKNOWN KELLY, Unit Major;
UNKNOWN AMBROSS, Captain; UNKNOWN
ELLIS, Lieutenant Watch Commander;
UNKNOWN DAVENPORT, Building Administrator;
UNKNOWN SPIVEY, Case Manager; UNKNOWN JOHNSON,
Officer, Unit 29; UNKNOWN PRESLEY, Officer,
Unit 29; UNKNOWN PRESLY, Warden, Unit 29;
WARDEN OF UNIT 32; JOHN DOE, Maintenance
Supervisor of Unit 32; UNKNOWN BUTLER,
Building Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-254-D
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Thomas Fox Green, Mississippi state prisoner R1783, appeals the district court's order denying his motion to proceed in forma pauperis (IFP) in the district court and administratively closing his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies.

Prisoners who wish to seek relief under 42 U.S.C. § 1983 are required to exhaust their prison administrative remedies prior to filing their complaint irrespective of the type of relief sought. See 42 U.S.C. § 1997e(a); Days v. Johnson, ___ F.3d ___, 2003 WL 369677 at *2 (5th Cir. Feb. 21, 2003, No. 02-10064).

Green concedes that he did not seek to exhaust his administrative remedies with respect to his instant claims. He has not demonstrated that the remedies were unavailable to him. Thus, the complaint was subject to dismissal for his failure to exhaust the administrative remedies. Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998).

The district court erred in denying Green's motion to proceed IFP and in closing the case. The district court should have granted the motion and docketed the case prior to making a ruling on the complaint. Campbell v. Beto, 460 F.2d 765, 768

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1972). However, because Green's arguments are clearly without merit, the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Green is CAUTIONED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.