**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50492
Conference Calendar

_____

GERALD DEWAYNE HOWARD,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, NFN GOINGS, Assistant Warden at the
Sanchez Unit; NFN BENAVENTE, Officer, TDCJ Sanchez Unit; NFN
OAXACA, Officer, TDCJ Sanchez Unit; NFN HOWERTON, Officer, TDCJ
Sanchez Unit; NFN SERNA, Sergeant, TDCJ Sanchez Unit; NFN CHAVEZ,
Officer, TDCJ Sanchez Unit,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-19-DB
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald Dewayne Howard, Texas prisoner # 1034561, has filed a

motion for leave to proceed _in forma pauperis_ (IFP) on appeal

following the district court's dismissal of his 42 U.S.C. § 1983

action for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(2).  By moving for

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

IFP status, Howard is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Howard has not shown that he will raise a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). Because Howard has not shown that the district court erred in certifying that his appeal is not taken in good faith, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Howard is cautioned that the district court's dismissal of this action, and this court's dismissal of this appeal, both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Howard is advised that if he accumulates three strikes, he will be barred from bringing a civil action or an appeal proceeding IFP unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).