**Terry D. TILMON,**

v.

**Sheriff Steve PRATOR, et al.**

**Civil Action No. 02–1087.**

United States District Court,
W.D. Louisiana,
Shreveport Division.

Oct. 30, 2003.

Terry D. Tilmon, Homer, LA, Pro se.

## MEMORANDUM ORDER

HICKS, District Judge.

This matter is before the Court on remand from the Fifth Circuit. [Doc. 11] to specifically address Plaintiff Terry D. Tilmon ("Tilmon") objections [Doc. 6] to the Magistrate's Report and Recommendation [Doc. 5] and to give Tilmon the opportunity to address whether his action is time-barred. The Court finds that Tilmon's action is timely. However for the following reasons, the Court hereby dismisses Tilmon's action for failure to state a claim upon which relief may be granted.

## BACKGROUND

Tilmon filed this civil suit pursuant to 42 U.S.C. § 1983 in May 2002. Tilmon, who is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, complains that his civil rights were violated by prison officials when he was punished for possessing contraband in his cell. Tilmon's punishment included eight hours confinement in the punitive cell, loss of telephone privileges, loss of visitation privileges and loss of recreation privileges. The gravamen of Tilmon's complaint is not the form of his punishment or that he was punished at all, but rather that as an unsentenced prisoner he was punished without an administrative hearing. [See generally Doc. 1].

The Magistrate recommended that Tilmon's 42 U.S.C. § 1983 action be dismissed as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). [Doc. 5]. Tilmon filed objections to the Report and Recommendation. [Doc. 6]. Having considered those recommendations, the Court adopted the Magistrate's recommendation and dismissed the action. [Doc. 7]. Tilmon appealed the dismissal and the Fifth Circuit remanded for specific consideration of Tilmon's objections and whether the action is time-barred. [Doc. 11]. Tilmon filed a remand brief addressing the time-bar issue. [Doc. 13]. The Court now reviews all of the materials before it to determine whether the Tilmon's claim is time barred and whether his action states a claim.

## LAW AND ANALYSIS

I. TILMON'S § 1983 CLAIM IS TIMELY

A. **Prescriptive Period Is Tolled by 1997e Exhaustion Requirement**

 Federal courts borrow state statutes of limitations to govern claims brought under Section 1983. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). The Louisiana Civil Code, Article 3492, establishes a one-year liberative prescription for civil actions sounding in tort. La. Civ.Code Ann. art. 3492 (2003). Louisiana courts do not apply prescription against a party who is legally unable to act. *Harris*, 198 F.3d at 156. As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003). A prisoner's available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired. *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998).

 Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Days*, 322 F.3d at 866 (citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n. 6, 121

S.Ct. 1819, 149 L.Ed.2d 958 (2001)). This exhaustion requirement functions as a "legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action." *Harris,* 198 F.3d at 158. Thus, while awaiting the conclusion of the administrative grievance process, the prescriptive period is tolled. Once the administrative process is exhausted and a prisoner becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes. *Id.;* La. Civ.Code Ann. art. 3472 (2003).

## B. Tilmon's § 1983 Action is Timely

In the case at bar, the alleged conduct forming the basis for this action occurred on April 9, 2001. At that time, Tilmon's cell was randomly searched and several items were declared to be contraband. As punishment, Tilmon was send to a punitive cell for eight hours, and suffered a loss of telephone privileges, loss of visitation privileges, and loss of recreational privileges. On April 11, 2001, at the behest of Tilmon, Sgt. Miller and Deputy Filler investigated the incident, and found that Tilmon was not guilty of possessing contraband. The instant grievance was initiated on April 17, 2001 when Tilmon filed an Administrative Remedy Request [Exhibit to Doc. 1] seeking remedies for the prison's failure the provide him with a hearing prior to improperly punishing him.

The Caddo Parish Sheriff's Office Inmate Handbook Rules and Information provides:

> No more than 90 days from initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the inmate to move on to the next step in the process. Time limits begin on the date the request is assigned to a staff member for a first step response.

*Inmate Handbook Rules and Information,* p. 71, at H.1.

■ Tilmon received correspondence from Sgt. Rick Farris of the Caddo Parrish Sheriff's Office on May 22, 2001 regarding a recent probation, but it is unclear whether Sgt. Farris is referring the instant grievance. If indeed, the letter refers to this grievance it is unclear at that time, whether or not the Sheriff's Office deemed the grievance process exhausted. No correspondence has been produced that evidences a definitive end to the administrative process. Due to this lack of clarity surrounding the ultimate disposition or lack thereof of Tilmon's grievance, on July 16, 2001—90 days after Tilmon initiated the grievance—his administrative remedies were deemed exhausted.

The prescriptive period began when Tilmon's administrative measures ended on July 16, 2001. This complaint was filed May 23, 2002, well within the one year prescriptive period. Therefore, Tilmon's complaint is timely.

## II. TILMON WAS NOT ENTITLED TO A DUE PROCESS DISCIPLINARY HEARING

### A. *Sandin* Applies to Post–Conviction, Pre–Sentence Prisoners

This case was remanded for consideration of Tilmon's objection that the Magistrate's reliance on *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) was error. Specifically, *Sandin* provides guidelines for when due process protections attach to the prison disciplinary process. *Id.,* 515 U.S. at 486, 115 S.Ct. 2293. However, the Supreme Court noted that, unlike a convicted prisoner, a pretrial detainee may have a liberty interest in not being placed in disciplinary segregation. *Id.,* at 484, 115 S.Ct. 2293. Courts in this circuit have construed *Sandin* to hold that a pre-trial detainee is entitled to different

liberty interests than a sentenced. *Poole v. Jefferson County Sheriff's Dept.*, 921 F.Supp. 431, 433 (E.D.Tex.1996). Tilmon asserts that as a convicted, but unsentenced prisoner, he was similar in status to a pretrial detainee, and therefore had a liberty interested under the Due Process Clause in not being punished without a hearing. [Doc. 6]

The issue presented to this Court is simply whether a convicted but unsentenced inmate is more like a pretrial detainee or a sentenced inmate for the purposes of due process protections. This is an issue of first impression in the Fifth Circuit. Other circuits are split as to the protections enjoyed by convicted but not yet sentenced inmates. The Third Circuit has held that these inmates enjoy the same liberty interests as pretrial detainees. *Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir.2000), *cert. denied*, 531 U.S. 821, 121 S.Ct. 63, 148 L.Ed.2d 29 (2000). However, the Eighth, Ninth, and Tenth Circuits have held that they should be treated as sentenced prisoners and, therefore, that the *Sandin* analysis applies to their due process claims. *See Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir.1994)(holding that a claim by a convicted prisoner awaiting sentencing is governed by the Eighth Amendment and that a claim by a pretrial detainee is governed by the Fourteenth Amendment); *Resnick v. Warden Hayes*, 213 F.3d 443, 448 (9th Cir.2000)(following *Berry* and *Whitnack* holding that a prisoner's claim after conviction or plea is governed the Eighth Amendment and is subject to analysis under *Sandin* ); *Berry v. City of Muskogee*, 900 F.2d 1489, 1493 (10th Cir.1990)(holding that, when determining whether the Eighth or the Fourteenth Amendment governs an inmate's claim, "the critical juncture is conviction, either after trial or ... by plea, at which point the state acquires the power to punish and the Eighth Amendment is implicated").

■ I am convinced that at the point an inmate pleads or is found guilty, the die is cast. To hold otherwise would allow disparate treatment among inmates awaiting sentencing based on such vagaries as local court backlogs, and cooperation of individuals during the completion of Presentence Reports. Therefore, it is the ruling of this Court that *Sandin* and its progeny apply to inmates who have been convicted by their own plea or by a jury, but who have yet to be sentenced.

### B. As a Convicted Prisoner, Tilmon's Due Process Claim Fails

With regard to the due process claim at bar, Tilmon argues, in essence, that his constitutional rights were violated because he was disciplined without first having been afforded a hearing. To prevail, Plaintiff must establish that he had a liberty interest in being free from being placed in a punitive cell, or from being otherwise disciplined. *See Sandin*, 515 U.S. at 487, 115 S.Ct. 2293 (holding that a convicted inmate who had been placed in disciplinary segregation in a prison's SHU for 30 days had no cognizable procedural due process claim, because he had no liberty interest in being free from such confinement).

Relying on *Sandin*, this Court finds that Tilmon, by virtue of being a convicted prisoner, has no liberty interest in not being disciplined. Accordingly, Tilmon was not entitled to any hearing before being placed in such confinement. Therefore, any delay in providing Tilmon a hearing and any defects in that hearing did not deprive him of his due process rights. We need not reach issues of the condition of Tilmon's discipline, because he makes no allegations of that kind.

### III. CONCLUSION

After reviewing the entire record, the Court finds that though Tilmon's § 1983

claim is timely, his claim that he was punished without due process of law is without merit. Therefore:

IT IS ORDERED that Plaintiff's civil rights action be DISMISSED WITH PREJUDICE for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).