United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51109
Conference Calendar

_____

JACK W. CHISUM,

                                        Plaintiff-Appellant,

versus

DOUGLAS DRETKE, Director - CID; D. KELLEY, M.D.;
JEAN LOUIS HUBE, M.D.; SHERRI TALLEY, M.D.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CV-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Jack W. Chisum, Texas inmate #1094370, moves pro se for
leave to proceed in forma pauperis ("IFP") in his appeal from the
district court's dismissal of his 42 U.S.C. § 1983 complaint.
The district court dismissed the complaint without prejudice
pursuant to 42 U.S.C. § 1997e for failure to exhaust.  Chisum's
IFP motion is a challenge to the district court's certification
that his appeal is not taken in good faith.  Baugh v. Taylor, 117
F.3d 197, 202 (5th Cir. 1997).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chisum reiterates that the grievance officers on his unit told him that there were no remedies that could be granted by the prison for complaints against free world physicians. Chisum has attached completed Step One and Step Two grievance forms to his brief.

We review a dismissal under 42 U.S.C. § 1997e de novo. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). "Exhaustion is now mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (citation omitted). A prisoner must exhaust his administrative remedies before filing suit. Underwood v. Wilson, 151 F.3d 292, 293, 296 (5th Cir. 1998); Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998). Section 1997e, 42 U.S.C., does not require an inquiry into the adequacy of available administrative remedies. See 42 U.S.C. § 1997e; Underwood, 151 F.3d at 294.

Chisum conceded in the district court that he did not file grievances. Chisum's attached grievances were received by the prison almost a year after Chisum filed his 42 U.S.C. § 1983 complaint. Chisum's reason for not attempting to exhaust, i.e., that there was no remedy available for claims against free world physicians, does not excuse the exhaustion requirement. See Days, 322 F.3d at 866.

Chisum has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He

has not shown that he will present a nonfrivolous issue on appeal.  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Chisum is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.