Revised March 10, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————

No. 02-10064

—————

FRANK DAYS,

Plaintiff-Appellant,

versus

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; LUPE LOZANO, Warden; EDGAR
SULLENBARGER, Captain; RODRIGUEZ, Sergeant; PETERSON, Safety
Officer,

Defendants-Appellees.

—————————————————

Appeal from the United States District Court
for the Northern District of Texas

—————————————————

February 21, 2003

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

In November 2001, Frank Days, a Texas prisoner, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a 42 U.S.C. § 1983 civil rights action against Gary L. Johnson, Director of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), and four prison

1

officials at TDCJ-ID's Smith Unit, namely: Lupe Lozano, Warden; Edgar Sullenbarger, Supervisor of the Food Service Department; Sergeant Rodriguez, Compliance Officer; and J. Peterson, Safety Officer.

In federal district court, Days alleged that on May 25, 2000, while working in the Smith Unit's Food Service Department, he fell due to some unseen water on the floor and broke his right hand. As a result of the fall, Days stated that he sustained multiple fractures and required extensive medical treatment, including reconstructive surgery. Days was reassigned to a "no work" medical class as a result of the injury. Days asserted that there were no posted warning signs near the puddle and that the broken water pipe that caused the puddle had been on the maintenance repair list for several months. In support of those assertions, he filed affidavits from several witnesses, including a prison guard, Officer Williams.[1] Alleging that the defendants failed to protect him, he demanded compensatory and punitive damages. In response to a question in the form complaint regarding whether he exhausted both steps of the institutional grievance procedure, Days checked "no."[1]

The district court ordered Days to: (1) advise the court whether or not he exhausted both steps of the prison grievance procedure and (2)(a) attach a copy of his Step 2 grievance or (b) advise the court as to the date he filed the Step 2 grievance, the date and substance of the

---

[1] Officer Williams statement provided as follows: "On 5-25-00 about 2:45 PM, I escorted Frank Days to the Infirmary for slipping in the Kitchen (Inmate Dining Room). There wasn't [sic] any Wet Floor signs posted until I instructed another inmate to do so after he had already fallen."

[1] "The Texas Department of Criminal Justice currently provides a two-step procedure for presenting administrative grievances." *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). In Step 1, the prisoner submits a grievance at the institutional level. *Id.* If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice." *Id.*

prison's response, and the reason why he could not file a copy of the Step 2 grievance. The court

advised Days that his complaint would be dismissed without prejudice if he had not exhausted

both steps of the prison grievance procedure.

Days filed a response stating that, at the time of the accident, he could not write because

his writing hand was broken and that, when his hand healed, he submitted a grievance. Days

stated, however, that his grievance was deemed untimely and sent back to him unprocessed. He

explained that he then destroyed the grievance and proceeded with his § 1983 suit.

On November 27, 2001, the district court entered judgment dismissing Days' § 1983

complaint without prejudice for failure to exhaust administrative remedies. The district court

noted that the statute of limitations would be tolled pending exhaustion.

On December 3, 2001, Days filed another Step 1 grievance form with the prison that was

returned because the "[g]rievable time period has expired."  On December 6, 2001, in federal

district court, Days filed a FED. R. CIV. P. 59(e) motion to alter or amend the judgment.[2]  Days

argued that the Smith Unit does not allow ample time to file a grievance for a legitimate reason,

that he had proven that he was denied the access needed to exhaust the grievance procedure, and

that he had therefore exhausted all remedies available to him. Days enclosed a copy of a

December 3, 2001, Step 1 grievance, which was denied as untimely. Days asserted that the

grievance was returned unprocessed, disallowing him from filing a Step 2 grievance, and that

"[t]his [wa]s the exact same response [he] rec[ei]ved the first time [he] filed a grievance on this

---

[2] Although Days did not label his response as a Rule 59(e) motion, any motion seeking
reconsideration of a district court's judgment within ten days of its entry is considered a Rule
59(e) motion to alter or amend the judgment. *See Harcon Barge Co. v. D & G Boat Rentals,
Inc.,* 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

3

subject matter."

On January 8, 2002, Days filed a timely notice of appeal with respect to the district court's judgment dismissing his § 1983 complaint.[3]  The district court granted Days leave to proceed IFP on appeal.  In May 2002, the district court denied Days' Rule 59(e) motion, ruling that Days "has not shown that he exhausted the prison grievance procedures prior to filing his civil rights complaint."

ANALYSIS

In this *pro se* appeal, Days reasserts his substantive claims against the defendants arising from the May 25, 2000, incident.  Days also contends that the district court erred in dismissing his case for failure to exhaust the prison grievance procedure, as he exhausted all remedies available to him.  This Court reviews *de novo* a district court's dismissal of a § 1983 suit for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001).   "Dismissal under § 1997e is made on pleadings without proof." *Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998).  In other words, "[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal."  *Id.*

As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  § 1997e(a); *see Underwood*, 151 F.3d at 293.

---

[3]  A timely Rule 59(e) motion suspends the appeal period, and a previously filed notice of appeal becomes effective upon the motion's disposition.  *See* FED. R. APP. P. 4(a)(4)(A)(iv), (B).

Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." *Underwood*, 151 F.3d at 294.

Since the amendment of § 1997e, this Court has taken a strict approach to the exhaustion requirement. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (stating that "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, we have also stated that the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Wendell*, 162 F.3d at 890.

The following is a summary of the pertinent facts Days alleged in the district court with respect to exhaustion of his administrative remedies. Due to injuries sustained to his right hand in the incident which gave rise to the instant § 1983 suit, Days was unable to timely complete and file a Step 1 grievance form. Once his hand healed, he did file a Step 1 grievance that was deemed untimely and returned to him unprocessed. He destroyed that grievance form and filed the instant § 1983 suit. After the district court dismissed his suit for failure to exhaust administrative remedies, Days filed another grievance based on the same incident which was again deemed untimely and returned to him unprocessed. Days subsequently filed a Rule 59(e) motion,

5

informing the court of his second attempt to exhaust.

Additionally, attached to his brief on appeal is a Step 2 grievance that the prison apparently returned unprocessed with a form response that informs Days, in pertinent part, as follows: "You may not submit a Step 2 Appeal on a Step 1 Grievance that was returned to you for improper submission." The Step 2 document and the accompanying form are not found in the record.[4] This Court generally does not consider evidence not submitted before the district court. Nonetheless, because dismissal for failure to exhaust is made based upon the pleadings without proof, "lack of admissible evidence in the record does not form the basis for dismissal." *Richardson,* 260 F.3d at 499. Thus, although these documents corroborate Days's allegations supporting exhaustion (*i.e.,* Step 1 was returned unprocessed, disallowing the filing of a Step 2 appeal), because Days sufficiently alleged exhaustion in the district court, the documents are not necessary to show exhaustion.

Days's argument is that the district court erred in dismissing for failure to exhaust because he exhausted all the remedies *available* to him. Previously, this Court has recognized that the PLRA does not define the phrase "such administrative remedies as are available" contained in § 1997e(a). *Underwood,* 151 F.3d at 295. Because the statute does not provide a definition, its terms are to be construed in accordance with their ordinary meaning. *Id.* We recognized that Webster's New International Dictionary defines the word "available" as, among other things, "immediately utilizable,' and 'that is accessible or may be obtained: *personally obtainable*.'" *Id.*

---

[4] In his brief, Days indicates that these documents "should be" in the record.

(quoting Webster's New Int'l Dictionary, 150 (3rd ed. 1981)) (emphasis added).[5]  In the instant case, Days alleged that, because of his injury, exhaustion of his administrative remedies by timely filing a grievance was personally unobtainable.

Very recently, this Court has addressed a contention that an inmate's asserted inability to file a grievance excuses the exhaustion requirement.  In *Ferrington v. Louisiana Department of Corrections,* the inmate alleged, among other things, that he should be excused from exhausting his administrative remedies based on his blindness.  2002 WL 31839142, *2 (5th Cir. Dec. 19, 2002).  Finding that Ferrington's alleged blindness did not prevent him from filing a § 1983 suit, appealing a disciplinary hearing, or filing other grievances, we concluded that such blindness could not have prevented him from exhausting his available remedies.  *Id.* at *3.

Accordingly, in *Ferrington*, by addressing the merits of an allegation that one's blindness could prevent one from exhausting administrative remedies, this Court implicitly (at least) indicated that one's personal inability to access the grievance system could render the system unavailable.  Nonetheless, we declined to accept Ferrington's excuse because he had been able to file other pleadings despite his blindness.

Here, however, Days's injury was temporary.  Days's  allegation is that once the broken hand healed, he attempted to exhaust his administrative remedies by filing a Step 1 grievance.  Thus, *Ferrington* is distinguishable in that there is no indication that Days could have timely filed the grievance.  The facts as alleged by Days indicate that his injury actually prevented him from timely filing a grievance and that his untimely grievance was returned unprocessed.  Under these

---

[5]  Additionally, "exhaust" is defined as "'to take complete advantage of (legal remedies).'"  *Id.* (quoting Webster's New Int'l Dictionary, 796).

circumstances, we conclude that Days sufficiently alleged that, prior to filing the instant § 1983 suit, he exhausted the administrative remedies that were personally available to him.

We, of course, do not hold that an untimely grievance in and of itself would render the system unavailable, thus excusing the exhaustion requirement. Such a holding would allow inmates to file suit in federal court despite intentionally evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system. *See Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999);[6] *see also Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir. 1995) (previous version of § 1997e). We emphasize that our holding is limited to the narrow facts of this case. More specifically, administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance.

We reiterate that a dismissal under § 1997e is made based upon the pleadings without proof. We have deemed Days's pleadings sufficient to allege exhaustion. As previously noted, however, the defendants have yet to be served and thus there has been no response indicating that the grievance system was available to Days despite his temporary injury. Our holding does not preclude a revisiting of this issue based upon a response by the defendants.

Accordingly, we conclude that the district court erred dismissing the suit for failure to

[6] In *Harper,* the inmate's grievance was denied because it was untimely. 179 F.3d at 1312. Recognizing that the Georgia state grievance procedure allowed the time period to be waived for "good cause," the Eleventh Circuit held that because the inmate had not attempted such a waiver, he had not exhausted his administrative remedies. *Id.* We note that in *Harper* there was no allegation of an injury that prevented the inmate from timely filing his grievance. In the instant case, the defendants have not been served, and at this point we are unaware of a similar procedure (waiving the time period for good cause) in the Texas state grievance procedure.

exhaust administrative remedies and vacate and remand the case for proceedings consistent with this opinion.

VACATED and REMANDED.