United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-40992
Summary Calendar

---

BRUCE LEE WILLIS,

Plaintiff-Appellant,

versus

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION; WARDEN, TELFORD UNIT; UNKNOWN TAYLOR, Lieutenant;
UNKNOWN BURGESS, Sergeant; UNKNOWN SMITH, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-65
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bruce Lee Willis, Texas prisoner #717354, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Willis argues that the district court abused its discretion in dismissing his complaint and that its judgment should be reversed and his case remanded for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed Willis' complaint pursuant to 42 U.S.C. § 1997e because he failed to provide documentation verifying his allegations that he had exhausted his administrative remedies. As set forth in our decision in Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), however, "[d]ismissal under § 1997e is made on pleadings without proof," and when "the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal."

Here, although Willis was unable to produce a copy of his Step 2 grievance form, he specifically alleged that he exhausted both steps of the grievance procedure. In explaining why he was unable to submit a copy of the form, Willis never denied that he filed a Step 2 grievance form and offered an explanation regarding why he was unable to produce a copy of the form. Because Willis alleged exhaustion with sufficient specificity, Underwood requires that the district court's judgment be VACATED and the case REMANDED for further proceedings. The district court is not precluded from revisiting the exhaustion issue "based upon a response by the defendants." Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003).

VACATED AND REMANDED.