United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10785
Conference Calendar
_____

DERRICK DWAYNE RICHARDSON,

Plaintiff-Appellant,

versus

GREGORY BOLAND, ET AL.,

Defendants,

GREGORY BOLAND; BRUCE SHIELDS; MARTIN C. LANSFORD;
OMAR S. SANCHEZ; JACK BORDEN; RENE MENDOZA; BAKER;
J. RIDGE; WAYNE SCOTT; JOSEPH K. PRICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-388
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

    Derrick Dwayne Richardson, Texas prisoner # 610689, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action for

failure to exhaust his administrative remedies.  Because

Richardson's grievances were denied as untimely, he did not

exhaust his administrative remedies.  See Days v. Johnson, 322

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 863, 866-67 (5th Cir. 2003); <u>Marsh v. Jones</u>, 53 F.3d 707, 710 (5th Cir. 1995).  Richardson has not explained the delay in filing his grievances or shown that any defenses to the exhaustion requirement such as waiver, estoppel, or equitable tolling are applicable.  <u>See</u> <u>Days</u>, 322 F.3d at 866.  This court will not consider Richardson's argument, raised for the first time on appeal, that he was not required to exhaust administrative remedies because he was seeking monetary relief which is not available through the administrative process.  <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).  Nonetheless, prisoners must exhaust administrative remedies without regard to whether monetary relief is available.  <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 740 (2001).  The district court's judgment is AFFIRMED.