**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30505
Conference Calendar

WILLIE HARRISON, JR.,

                                        Plaintiff-Appellant,

versus

RICHARD L. STALDER; N. BURL CAIN; DORA RABALAIS;
DAVY KELONE; and PAUL MEYERS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-219-A
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Willie Harrison Jr., Louisiana prisoner # 101150, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e.  He argues that:  (1) he exhausted the administrative remedies that were available to him; (2) the district court erred in determining the date on which the time for filing a timely administrative remedy request began to run;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (3) the district court erred in relying on records from his disciplinary appeal in determining when the time for filing a timely administrative remedy request began to run.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before seeking 42 U.S.C. § 1983 relief in federal court. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). A review of the record reveals that Harrison failed to timely file an administrative remedy request and, therefore, failed to exhaust his administrative remedies. See Days v. Johnson, 322 F.3d 863, 866-67 (5th Cir. 2003). His argument that the district court was precluded from reviewing the records of his disciplinary appeal is without merit. Because Harrison's claims lack arguable merit, his appeal is dismissed as frivolous. See 5th CIR. R. 42.2.

DISMISSED AS FRIVOLOUS.