United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 03-40787
Summary Calendar**

**HENRY PARKER,**

**Plaintiff-Appellant,**

**versus**

**LOMO ADJETEY; CAROL A. MCAFEE,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-625**

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Henry Parker, Texas Inmate No. 287830, proceeding pro se and in forma pauperis ("IFP"), appeals the district court's dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies. Parker contends that he could not exhaust administrative remedies because he was hospitalized and in a coma. He asserts that when he was released from the hospital, the 15-day period for filing a timely

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Step One grievance had expired. He asserts that he pursued the only remedy that was available to him and that an attempt to file a grievance would have been futile. Parker explains that the prison's grievance procedure prohibits the submission of grievances based on incidents that occurred more than 30 days prior to the submission of the grievance.

We review <u>de</u> <u>novo</u> the dismissal pursuant to 42 U.S.C. § 1997e of a 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. <u>Days v. Johnson</u>, 322 F.3d 863, 865 (5th Cir. 2003). As amended, 42 U.S.C. § 1997e(a) (West 2003) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is mandatory; and we have strictly construed the exhaustion requirement of 42 U.S.C. § 1997e. <u>Days</u>, 322 F.3d at 866.

In <u>Days</u>, a Texas inmate alleged that he was unable to comply timely with the prison grievance procedure due to a serious injury. We vacated the district court's dismissal of his complaint for failure to exhaust administrative remedies and remanded the case. We determined that because Days' injury prevented him from timely filing a grievance and his untimely grievances were returned unprocessed, Days had exhausted the administrative remedies that were personally available to him. 322 F.3d at 867.

2

Unlike the inmate in <u>Days</u>, Parker did not attempt to exhaust the administrative remedies that were personally available to him.  Accordingly, we **AFFIRM** the dismissal of Parker's civil rights complaint for failure to exhaust available administrative remedies.

**AFFIRMED**.

3