United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40201
Summary Calendar

---

THOMAS H. CLAY,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH, at John Sealy;
UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL
HEALTHCARE MANAGEMENT; JOHN SEALY EMPLOYEES;
JANE DOE, #; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-268
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas H. Clay, Texas prisoner # 1124123, appeals the
district court's dismissal without prejudice of his civil rights
complaint pursuant to 42 U.S.C. § 1997e for failure to exhaust
administrative remedies. Clay argues that the district court
erred in dismissing his complaint, because he specifically
pleaded exhaustion. Clay additionally argues, for the first time
on appeal, that failure to exhaust is an affirmative defense that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must be raised by the defendants, that the district court erroneously held him to a heightened pleading standard, and that the court had no authority to dismiss sua sponte his complaint.

"[A] dismissal under § 1997e is made upon the pleadings without proof." Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003). Thus, "[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." Id. at 866 (quoting Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998)). The district court determined, however, that Clay was not entitled to rely on his pleadings in asserting exhaustion "because the time frame [made] clear that exhaustion was impossible." As Clay contends, it was not impossible for him to exhaust his administrative remedies before filing suit. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (illustrating that the filing of, and response to, prisoner grievance can take significantly less time than that allowed). Therefore, Clay was entitled to rely on his pleadings in asserting exhaustion. Days, 322 F.3d at 866, 868.

Based on the foregoing, the district court's judgment is VACATED, and the case is REMANDED for further proceedings. The district court, however, is not precluded from revisiting the exhaustion issue "based upon a response by the defendants." Id. at 868.

VACATED AND REMANDED.