United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10037
Conference Calendar

_____

DERRICK ADAM FLOYD,

                                        Plaintiff-Appellant,

versus

TEXAS TECH UNIVERSITY HOSPITAL SYSTEM, Correctional Division;
DAVID BASSE, DR.; NFN CISCERN, Licensed Vocational Nurse,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-252
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Derrick Adam Floyd, Texas state prisoner # 1143954, appeals
the district court's dismissal of his civil rights complaint
without prejudice for failure to exhaust administrative remedies.
42 U.S.C. § 1997e(a).  We DISMISS the appeal as frivolous.

    "Exhaustion is now mandatory, irrespective of the forms of
relief sought and offered through administrative avenues."  Days
v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (citation and
quotation marks omitted).  A prisoner must exhaust his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies <u>before</u> filing suit.  <u>Wendell v. Asher</u>, 162 F.3d 887, 890-91 (5th Cir. 1998).  Section 1997e, 42 U.S.C., does not require a judicial inquiry into the adequacy of available administrative remedies.  <u>See</u> 42 U.S.C. § 1997e; <u>Underwood v. Wilson</u>, 151 F.3d 292, 294 (5th Cir. 1998).

Floyd conceded in the district court that he did not file any prison grievances, and he did not assert that he utilized his administrative remedies relative to any defendant.  In this court, Floyd makes only conclusional allegations of exhaustion.  Because Floyd has not shown that he will present a nonfrivolous issue on appeal, his appeal is DISMISSED.  5TH CIR. R. 42.2; <u>see</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of this appeal as frivolous counts as a "strike" under the Prison Litigation Reform Act.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  Floyd is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.