United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40101
Conference Calendar

_____

ANTHONY L. SUMMERS,

Plaintiff-Appellant,

versus

UP GIBSON, Officer; D. DOUGHTY, Warden; UP MATTHEWS, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1406
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Anthony L. Summers, Texas prisoner # 1130913, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action for failure to state a claim for failing to exhaust
administrative remedies pursuant to 42 U.S.C. § 1997e.  Summers
argues that he filed his complaint in the district court without
having exhausted the grievance procedures because of fear of what
would happen to him, but he does not allege that he has been
retaliated against for filing grievances or lawsuits.  Summers

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

stated in his complaint that he did not exhaust the grievance procedures at his institution. In his reply to the magistrate judge's report, he gave no explanation for his failure to exhaust and made no argument against the magistrate judge's recommendation of dismissal on that basis. The district court did not err in dismissing Summers's action for failure to exhaust administrative remedies. See Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Summers's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it IS DISMISSED. See 5TH CIR. R. 42.2.

Summers is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Summers that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.