**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61065
Summary Calendar

ROBERT ALLEN,

                                        Plaintiff-Appellant,

versus

RONNIE MUSGROVE, Governor; AMY TUCK, Lieutenant Governor;
CHRISTOPHER EPPS, Mississippi Department of Corrections
Commissioner; RON KING, Southern Mississippi Correctional
Institution - Warden; JOHNNIE DENMARK; JANE T BOND, Mississippi
Department of Corrections - Records Director; JOHN DOES;

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1211-WS
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Robert Allen ("Allen"), Mississippi prisoner #85120, appeals

the district court's dismissal of his civil action with prejudice

as to it being brought under 42 U.S.C. § 1983 and without

prejudice for failure to exhaust state remedies as to it being

brought as a habeas corpus action pursuant to 28 U.S.C. § 2254.

Pursuant to FED. R. APP. P. 22(b)(2), we have construed his notice

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal as a request for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 claims. Allen asserts that he has sought relief from prison authorities without success and argues the merits of his 28 U.S.C. § 2254 claims. He continues to seek release from incarceration and monetary damages for his allegedly illegal confinement.

As Allen has not challenged the district court's determination that his claims were not cognizable in a 42 U.S.C. § 1983 action, he has waived any such challenge. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent that Allen seeks monetary damages for his allegedly illegal incarceration, his claims are barred because he has not yet had his confinement declared unconstitutional in a habeas corpus action or other proceeding. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

This court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court's ruling is based on a procedural ground, a COA will issue only if the applicant shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The district court correctly determined that Allen could raise his claims in a state habeas corpus petition.  See MISS. CODE ANN. § 99-39-5(1)(g).  As Allen has not raised his claims in a state habeas corpus proceeding, he has not exhausted his state remedies.  See Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).  Therefore, Allen has not shown that reasonable jurists would find the district court's procedural ruling debatable or wrong.  See Slack, 529 U.S. at 484.

The district court's dismissal of Allen's 42 U.S.C. § 1983 claims is AFFIRMED, and Allen's request for a COA is DENIED.