United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50618
Conference Calendar

_____

GUADALUPE GUAJARDO, JR.,

Plaintiff-Appellant,

versus

CHRISTINA MELTON CRAIN, Chairman-Texas Board of Criminal
Justice; DOUG DRETKE, Director Correctional Institution
Division; BERTHA CORLEY, Supervisor, Ellis Unit Mail Room,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-325-SS
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Guadalupe Guajardo, Jr., Texas inmate # 170864, proceeding

pro se and in forma pauperis, filed a 42 U.S.C. § 1983 complaint

challenging the constitutionality of correspondence rules adopted

by the Texas Department of Criminal Justice with respect to

prohibitions on inmate-to-inmate correspondence, decoration of

envelopes, and "homemade" envelopes.  The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed the complaint, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

Guajardo contends that he was not required to pursue administrative remedies because the Texas grievance system offers no avenue to make a statewide challenge to prison rules. He also argues that the district court should have required the defendants to answer his complaint and that the district court should have conducted an evidentiary hearing.

The exhaustion requirement is mandatory and applies to all inmate suits regardless of the forms of relief sought and offered through administrative remedies. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). The district court did not err in dismissing Guajardo's suit for failure to exhaust administrative remedies. See id.

The district court was not required to obtain a response from the defendants prior to dismissing Guajardo's complaint. See Wendell v. Asher, 162 F.3d 887, 889-90 (5th Cir. 1998). Nor was the district court required to conduct an evidentiary hearing. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). The judgment of the district court is AFFIRMED.