United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60296
Summary Calendar

RONALD L. COLE, SR.,

Plaintiff-Appellant,

versus

MAUD IRBY; CORRECTIONAL MEDICAL SERVICES;
D. LUNSFORD, also known as unknown LUNSFORD;
THERESA BURTON; AMMED ZEIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-1151
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald L. Cole, Sr., a Mississippi prisoner (# L1717), appeals the district court's order granting motions to dismiss by the defendants-appellees, on the ground that he failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to his 42 U.S.C. § 1983 civil rights action. In his complaint, Cole alleged that the defendants had failed to treat his various medical problems, that they had confiscated his medicine and medical equipment, and that they allowed black

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inmates to threaten and control white elderly and disabled inmates like him.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a civil-rights action until he has exhausted "available" administrative remedies.  The § 1997e(a) exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'"  Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001)).  Cole only summarily challenges the district court's conclusion that he failed to comply with the Administrative Remedy Program (ARP) operated by the Mississippi Department of Corrections (MDOC).  The appellees asserted and the district court determined that Cole had never filed any ARP grievance with respect to medical treatment.  Cole, however, has consistently asserted that, on March 15, 2003, he submitted a grievance letter to the ARP Legal Claims Adjudicator, in which he alleged that defendant Nurse Lunsford failed to treat him.  He has also repeatedly asserted that prison officials never responded to this letter.

Even if it is assumed arguendo that Cole filed a proper ARP grievance with respect to Lunsford, he has failed to dispute the magistrate judge's determination--adopted by the district court-- that he has never asserted that he completed the ARP process. Although dismissals under § 1997e are "'made on the pleadings without proof,'" Days, 322 F.3d at 866 (citation omitted), Cole

has not alleged with sufficient specificity that he attempted to comply with ARP appeal requirements. Moreover, the March 15, 2003, letter to which Cole has referred appears to raise only a limited claim against defendant Lunsford, but it does not specifically refer to the allegations that Cole has made against other defendants in the instant action.

We conclude that the district court did not err in determining that Cole had failed to exhaust administrative remedies. Accordingly, we affirm the judgment, but we modify the judgment to be "without prejudice." See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

AFFIRMED AS MODIFIED.