United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30383
Summary Calendar

MARLIN FONTENOT,

Plaintiff-Appellant,

versus

GLOBAL EXPERTISE IN OUTSOURCING, in its individual
capacity as the private prison contractor; OTIS KENT
ANDREWS; CHARLES SIMON; MELANIE FOWLER; BETTY DUPLECHAIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CV-352
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Marlin Fontenot, Louisiana prisoner # 093804, appeals both the district court's dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies and the denial of his motion under Federal Rule of Civil Procedure 59. Fontenot asserts that the prison's administrative grievance procedure was not available to him for purposes of § 1997e(a) because the prison's inmate counsel substitutes refused to help him and he required their assistance due to his physical

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and mental disabilities.  He contends that he did not find another inmate willing to help him until after the 90-day deadline had passed.

We review the dismissal of a 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies de novo.  Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).  Assuming arguendo that the administrative process was not available to Fontenot while he could not find someone to assist him, he is not excused from the exhaustion requirement because he did not file a grievance once he found an inmate willing to help him, prior to filing a § 1983 suit. See Days, 322 F.3d at 867-68.  He argues that it would have been futile to file a grievance at that time because it would have been untimely.   Futility is not an exception to the exhaustion requirement.  See id.

Fontenot also renews his argument that the district court should have amended its judgment under Federal Rule of Civil Procedure 59(e) to equitably toll the prescriptive period while he attempts to exhaust prison remedies.  We hold that the statute of limitations should be equitably tolled during the pendency of the instant suit and any subsequent state administrative proceeding. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002).

The judgment of the district court is AFFIRMED as MODIFIED.

2