United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40905
Summary Calendar

AMBROSIO GARCIA-COMACHO,

Plaintiff-Appellant,

versus

G. MALDONADO, JR., Regional Director; RONALD G. THOMAS, Regional
Director; DAVID JUSTICE, Warden; PAUL KASTNER, Warden; MS.
UNKNOWN SIMIEN, Medical Director, Federal Bureau of Prisons
Texarkana; UNKNOWN MILLER, Physician's Assistant; UNIDENTIFIED
MEDINA, Associate Warden; DR. ANDREW KAHL; DR. CLAY NASH; OFFICER
UNIDENTIFIED WASHINGTON, Recreational Technician,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(5:06-CV-1)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ambrosio Garcia-Comacho (Garcia), federal inmate # 19384-179,

appeals, *pro se*, the 28 U.S.C. § 1915A and 42 U.S.C. § 1997e

dismissal, for failure to state a claim and exhaust administrative

remedies, of his civil rights action against Bureau of Prisons

employees, brought pursuant to ***Bivens v. Six Unknown Named Agents***

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

***of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). (Garcia's motion to supplement the record on appeal with unsworn factual assertions is **DENIED**.)

Because Garcia has briefed only his deliberate-indifference claims against defendant Washington for disregarding his work restrictions, he has abandoned all others. *See* ***Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993). Our court reviews *de novo* both 42 U.S.C. § 1997e dismissals for failure to exhaust administrative remedies, ***Days v. Johnson***, 322 F.3d 863, 865 (5th Cir. 2003), and dismissals for failure to state a claim pursuant to § 1997e and 28 U.S.C. § 1915A, ***Bazrowx v. Scott***, 136 F.3d 1053, 1054 (5th Cir. 1998) (applying same standard as that for a FED. R. CIV. P. 12(b)(6) dismissal).

The district court's failure-to-exhaust conclusion was based on Garcia's failure to assert "deliberate indifference" at all stages of the administrative process. Neither Bureau of Prisons procedures, as related by the defendants in the record before us, nor § 1997e required such assertion, however. *See* ***Jones v. Bock***, 127 S. Ct. 910, 922-23 (2007). Garcia's grievance forms, which alleged Washington wrongly ignored his work restrictions, were sufficient to give prison officials the requisite "fair opportunity to address the problem that ... later form[ed] the basis of the [action]". ***Johnson v. Johnson***, 385 F.3d 503, 517 (5th Cir. 2004).

Moreover, Garcia's complaint alleged:  he had a work restriction; Washington knew of it, but made him work in violation of it; and such action led to severe harm.  If accepted as true, these allegations are sufficient to avoid dismissal for failure to state a claim under §§ 1915A and 1997e and FED. R. CIV. P. 12(b)(6). *See* **Calhoun v. Hargrove**, 312 F.3d 730, 734-35 (5th Cir. 2002).

Accordingly, the dismissal of Garcia's deliberate-indifference claim against Washington in his individual capacity is vacated, and we remand for further proceedings in accordance with this opinion. In all other respects, the district court's dismissal is affirmed.

***AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION DENIED***