# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2007

Charles R. Fulbruge III
Clerk

No. 06-41498
Summary Calendar

PAUL ALLEN SCHUMACHER

Plaintiff-Appellant

v.

FANNIN COUNTY; RONNIE RHUDT, Individually In His Official Capacity as County Commissioner of Fannin County; RANDY DAVIS, Individually & In His Official Capacity as County Commissioner of Fannin County; DEWAYNE STRICKLAND, Individually & In His Official Capacity as County Commissioner of Fannin County; PAT HILLIARD, In Her Official Capacity as County Commissioner of Fannin County; TALMAGE MOORE, Individually & In His Official Capacity as Sheriff of Fannin County; DONNY FOSTER, Individually & In His Official Capacity as Chief Deputy Sheriff of Fannin County; JEFF HAMBY, Individually & In His Official Capacity as Deputy Sheriff of Fannin County; ROBIN KNOLL, Individually & In Her Official Capacity as Jailer for Fannin County

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:02-CV-16

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paul Allen Schumacher, Texas inmate # 930813, filed a pro se, in forma pauperis (IFP) civil rights complaint pursuant to 42 U.S.C. § 1983 against the Fannin County, several Fannin County Commissioners in their official capacities and several officials of Fannin County Sheriff's Office in their official and individual capacities. Schumacher alleged that he was in fear of his life and driven to escape from prison on April 6, 2000, because Fannin County officials failed to protect him from another inmate. Schumacher alleged that on April 17, 2000, after he was recaptured, he was chained and shackled by Fannin County jail officials and that the officials were deliberately indifferent to the injuries he received as a result of this mistreatment.

Schumacher argues that the district court erred in finding that his failure-to-protect claim was barred by the statute of limitations. Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts apply the forum state's general personal injury limitations period to § 1983 actions. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal-injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). The district court found that Schumacher had escaped from jail on April 6, 2000, because he was in fear of his life from another inmate and that Fannin County officials had failed to protect him from that other inmate. Because Schumacher did not file his complaint until April 12, 2002, more than two years after he escaped, the district court concluded correctly that his claim was time barred.

Schumacher argues that the district court erred in granting summary judgment for failing to exhaust administrative remedies with respect to the claims arising from the alleged excessive use of force on April 17, 2000. A grant of summary judgment is reviewed de novo. Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993). Summary judgment is proper if the pleadings and the evidence show that there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. FED. R. CIV. P. 56(c). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). In deciding whether a fact issue has been created, a court must review the facts and inferences in the light most favorable to the nonmoving party. Reeves Brokerage Co. v. Sunbelt Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001)). Viewing the evidence in the light most favorable to Schumacher, the summary judgment evidence shows that there is no genuine issue of material fact that Schumacher was aware of the existence of the prison grievance procedures and that he did not exhaust them with respect to his claims arising from the alleged excessive use of force.

Contrary to Schumacher's assertions, the district court did not abuse its discretion in denying his motion for the appointment of counsel, in removing the case from the active docket temporarily, or in denying his motion to amend. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981).

The judgment of the district court is AFFIRMED