# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-60958
Summary Calendar

MARCUS B GORDON, SR

                              Plaintiff-Appellant

v.

M PETTIFORD, Warden, also known as Unknown Pettiford; UNKNOWN
MITCHELL, Assistant Warden; UNKNOWN JACKSON, ISM Supervisor;
UNKNOWN NASH; UNKNOWN SMITH; UNKNOWN FRAIZER; UNKNOWN
WILLIAMS; JOHN DOES, and Unknown Staff Defendants

                              Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:03-CV-509

Before  WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Marcus B. Gordon, Sr., now former federal prisoner # 10255-035, filed a
complaint against the assistant warden and others at his prison unit wherein he
alleged that the defendants violated his civil rights by retaliating against him
after he failed to drop a formal complaint he had filed against them.  Gordon
sought both monetary damages and injunctive relief.  The magistrate judge

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

determined that Gordon's complaint should be liberally construed as a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Gordon argues that the district court erred in granting the defendants' motion to dismiss the complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). He argues that his lack of financial resources rendered administrative remedies "unavailable" to him.

This court reviews de novo a dismissal under § 1997e of a civil rights complaint when the dismissal is for failure to exhaust administrative remedies. Days v. Johnson, 322 F.3d 863, 865 (5th Cir. 2003), overruled by implication on other grounds by Jones v. Bock, 127 S. Ct. 910, 920-21 (2007) . Exhaustion is mandatory, and since § 1997e was amended, this court has "taken a strict approach to the exhaustion requirement." Id. at 866. Courts may no longer read a "futility" exception into the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 739-41 & n.6 (2001).

Gordon has not established that the magistrate judge erred in concluding that he had the financial resources to complete the exhaustion requirement. Contrary to his assertion otherwise, the Bureau of Prisons did not "eliminate" Gordon's appeal and further administrative remedy was available. Gordon has not shown that the district court erred by dismissing his complaint without prejudice for failure to exhaust administrative remedies. Accordingly, the judgment of the district court is AFFIRMED.