**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-20590
Summary Calendar

NUBIAN COOPER,

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; TIM MORGAN, Warden; BERTHA BENNETT, Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1571

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nubian Cooper, Texas prisoner # 806837, has appealed the district court's judgment dismissing his civil rights complaint, in which Cooper asserted that his constitutional rights were violated when the tip of his finger was amputated by a closing cell door at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Cooper named as defendants Director Nathaniel Quarterman, Warden Tim Morgan, and Officer Bertha

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bennett. Cooper alleged that Bennett did not ensure that the cell doors were clear before ordering, without warning, that they be closed. Cooper contended that prison procedures related to the closing of cell doors were inadequate and put inmates at unnecessary risk of injury.

On appeal, Cooper challenges the district court's determination that he failed to exhaust his claims against Bennett. Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is "mandatory, irrespective of the forms of relief sought and offered through administrative avenues." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (internal quotation marks omitted). We review a district court's dismissal of a civil rights claim for failure to exhaust administrative remedies *de novo. Id.*

Cooper contends that he was not required under state law to name in his grievances the individuals responsible for his injury; rather, he contends, prison authorities were required to investigate his complaint and to determine the identity of the responsible persons. He contends that his grievances were sufficient because they notified prison authorities of the circumstances of his injury. For that reason, he argues, the district court erred in dismissing his complaint against Bennett for failure to exhaust.

Cooper's Step 1 grievance described the time and circumstances of his injury. However, he complained only of an inadequate prison policy and that the cell doors were unsafe. The grievance was not sufficient to alert prison authorities that Cooper wished to assert a complaint against Bennett individually. Cooper did not exhaust his claim against Bennett adequately. *See Johnson v. Johnson*, 385 F.3d 503, 515-22 (5th Cir. 2004). The dismissal of

2

Cooper's claim against Bennett for failure to exhaust is affirmed as modified to reflect that the dismissal is without prejudice.

Although Cooper states in conclusionary fashion that the defendants violated his right against cruel and unusual punishment "by subjecting him to the condition that led to his injury," Cooper makes no argument with respect to the district court's determination that Cooper had not shown that the prison cell-door policy was so deficient as to deliberately disregard a substantial risk to Cooper's health or safety. Cooper's claims against defendants Quarterman and Morgan, therefore, have been abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Cooper complains that he received a disciplinary conviction for failing to obey Bennett's order to clear the cell door. To the extent that Cooper wishes to assert a claim of retaliation or to raise some other claim related to the disciplinary proceeding, such claim has not been considered because it has been asserted for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Although the instant appeal is not frivolous, the district court's dismissal of Cooper's Section 1983 suit for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A prior civil rights action filed by Cooper was dismissed by the district court as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), also for failure to exhaust administrative remedies. *Cooper v. State*, No. 3:97-CV-2757-D (N.D. Tex. May 12, 1998). Thus, Cooper has at least two strikes. We caution Cooper that, once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.