# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41058
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

TERESA FLORES,

Plaintiff-Appellant

v.

HARRY LAPPIN, Director, Federal Bureau of Prisons; T. C. OUTLAW, Warden, FCI - Forrest City; DARRELL PERKINS, also known as Unknown Perkins; JOHN FOX, Warden, USP Beaumont; UNKNOWN ODEN, Officer, USP Beaumont; UNKNOWN MORALES, Officer, USP Beaumont; DOES, 2 Unknown Maintenance Officers and 4 John Doe Correctional Officers, USP Beaumont; UNITED STATES BUREAU OF PRISONS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-202

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Teresa Flores appeals the district court's grant of summary judgment for the defendants on the grounds that Hector Flores, the original plaintiff in this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case,[1] failed to exhaust his administrative remedies in this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). She argues that the district court abused its discretion in granting summary judgment based on the failure to exhaust administrative remedies. She contends that Hector Flores was prevented from properly exhausting his administrative remedies because of a delay in the delivery of the warden's response to him until after 20 days had passed.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Prior to bringing suit, a prisoner must exhaust all available administrative remedies. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This requirement applies to *Bivens* actions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). That is, "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted). We take "a strict approach" to the exhaustion

---

[1] Hector Flores died in 2009, and Teresa Flores, as his next of kin, was substituted as the proper party.

requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones*, 549 U.S. at 216.   Under this strict approach, " mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion"; instead, prisoners must exhaust available remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).   "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.  We review the district court's legal rulings concerning exhaustion de novo and its factual findings for clear error. *Dillon*, 596 F.3d at 273.

Hector Flores did not file a timely appeal of the warden's decision to the regional director.  The warden was given an extension of time to respond to Hector Flores's administrative remedy request until November 24, 2007, but the warden did not respond until December 11, 2007.  Hector Flores filed his regional appeal on January 21, 2008, beyond the 20-day period, and his appeal was rejected as untimely.

As the district court correctly noted, even if a response to Hector Flores's administrative remedy request was delayed, the regulations of the Bureau of Prisons provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.  Hector Flores could have filed his appeal within 20 days of November 24, 2007.  He could also have included an explanation for the delay in his appeals to the regional and central office, which he did not do. BOP regulations provide for an extension of filing times if an inmate can demonstrate a valid reason for the delay. *See* 28 C.F.R. § 542.14(b).

No. 13-41058

Accordingly, the district court did not err by ruling that Hector Flores had not exhausted his administrative remedies. *Dillon*, 596 F.3d at 273.

Teresa Flores argues that failure to exhaust is an affirmative defense and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. The defendants raised the affirmative defense of failure to exhaust in their answer and motion for summary judgment. Teresa Flores also argues that exhaustion should not be required when the original plaintiff was not at fault and exhaustion would be futile because he is now deceased. Teresa Flores does not explain why it would have been futile for Hector Flores to exhaust his administrative remedies before he filed this lawsuit in 2008.

AFFIRMED.