United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-40387
Summary Calendar

———————————————

CHARLES FRANKLIN IRELAND,

Plaintiff-Appellant,

versus

DOUG DRETKE; SANDRA BALDWIN, Correctional Officer; JOHN DOE,
Correctional Officer, Beto 1; Jane Doe, Correctional Officer,
Beto 1; UNIDENTIFIED UNIDENTIFIED, Officer of Gang Intelligence,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-171
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Franklin Ireland, Texas prisoner # 506419, appeals
the dismissal of his 42 U.S.C. § 1983 suit for failure to exhaust
administrative remedies.  Ireland filed an untimely Step 1
grievance and did not attempt to file a Step 2 grievance.
Ireland's untimely Step 1 grievance does not excuse his failure
to exhaust the prison grievance system.  See Days v. Johnson, 322
F.3d 863, 866-67 (5th Cir. 2003).

———————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ireland argues that he sufficiently exhausted his administrative remedies because he filed his Step 1 grievance while in the prison infirmary, which did not have a grievance box, by giving it to a nurse.  Because Ireland did not raise this argument in the district court, we do not consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); see also Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).  We also do not consider Ireland's argument, raised for the first time in his reply brief, that the district court erroneously denied his request for the appointment of counsel.  See Wallace v. County of Comal, 400 F.3d 284, 292 (5th Cir. 2005).

The district court's judgment is AFFIRMED.