# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2014

Lyle W. Cayce
Clerk

No. 13-40283
Summary Calendar

MICHAEL K. POWERS; RICHARD STRICKLIN, II; PHILLIP CRITCHLEY;
RONALD J. KEOUGH; JOSEPH PORTER,

Plaintiffs-Appellants

v.

DIANA CLAY, Assistant Warden; KENNETH BRIGHT, Warden; BARBARA
TREVINO, Assistant Regional Director; EVELYN CASTRO, Acting Assistant
Warden; NORMAN SAENZ, Captain; LUIS HERNANDEZ, Captain;
ESMEREJILDO MORENO, Lieutenant; BRIAN SMOLIK, Correctional
Officer IV; KRISTY KONCHABA-SMOLIK, Correctional Officer III; MITZI F.
KIEHN, Correctional Officer IV; KENNETH E. WILSON, Correctional Officer
V; J. M. GARCIA, Assistant Regional Director; JOHN DOE, Unit Medical;
JANE DOE, Unit Medical,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:11-CV-51

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-40283

Appellants Michael Powers, Richard Stricklin, and Phillip Critchley, were among approximately 150-200 inmates who were housed in an outdoor recreational yard on April 6, 2010, while the Texas Department of Criminal Justice conducted a surprise shakedown of their cells. In a complaint brought under 42 U.S.C. § 1983, the appellants made a number of claims, including a claim that the conditions to which they were subjected during the search violated their Eighth Amendment rights. A majority of the claims were dismissed as frivolous; however, the Eighth Amendment claims against Warden Clay and Major Castro were allowed to proceed. Claims against Warden Clay in her official capacity and against Captain Saenz, for deliberate indifference to serious medical needs, also were allowed to proceed. The appellees filed a motion for summary judgment arguing, primarily, that they were entitled to qualified immunity. The magistrate judge determined that the Eighth Amendment claims should be dismissed because the conditions alleged were not sufficiently objectively harmful to form the basis of an Eighth Amendment violation. The instant appeal follows the district court's order adopting the magistrate judge's determination and granting the appellees' motion for summary judgment.

The appellants first argue that the magistrate judge improperly adjudicated the motion for summary judgment without fully airing their discovery requests, which prevented them from putting forth their best case. Discovery issues are left to the sound discretion of the district court and will not be reversed unless they are arbitrary or clearly unreasonable. *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013). The magistrate judge gave full consideration to the appellants' original discovery motion, and the denial of the motion left little doubt about the likelihood of obtaining the information requested in the amended discovery motion. Although the case had been

pending for over a year, the amended discovery motion was not filed until well after the original discovery motion was denied.  No abuse of discretion has been shown.  *See McCreary*, 738 F.3d at 654.

Regarding the merits of the case, the appellants argue that given the district court's general acceptance of their version of the facts, "it is all the more distressing that the trial court found nothing in these allegations that rose to a threshold of constitutional violation."  They argue that "willfully and intentionally locking prisoners on a sun-exposed concrete slab for six hours with no means or access of protecting themselves, resulting in second-degree sunburn" is not constitutionally permissible conduct.

We review the grant of summary judgment de novo, applying the same standards as the district court.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  All facts and inferences are construed in the light most favorable to the nonmoving party.  *Id.*  Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

To establish an Eighth Amendment violation based on prison conditions, a prisoner must show (1) that the deprivation alleged was sufficiently serious so as to result in the denial of the minimal civilized measure of life's necessities, and (2) that the defendants acted with deliberate indifference to his health or safety.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The first showing requires the prisoner to demonstrate that the defendant's act or omission was "objectively serious" and that it exposed him to a "substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  The second showing requires a demonstration that the defendant had a "sufficiently culpable state of mind" and, thus, was deliberately indifferent to inmate health or safety.  *Id.*

No. 13-40283

The magistrate judge determined that the appellants failed to make the required showing of objective conditions which subjected them to a substantial risk of serious harm.  Conditions posing a substantial risk of serious harm are those that result in the "extreme deprivation" of humane conditions.  *Gates v. Cook*, 376 F.3d 323, 332-33 (5th Cir. 2004).  While evidence of a past medical injury "would clearly strengthen" a plaintiff's case, a plaintiff does not have to show a medical injury to substantiate his claims.  *Id.* at 441.  In *Gates*, 376 F.3d at 334, we affirmed the district court's conclusion that the conditions presented a substantial risk of serious harm where temperatures averaged in the nineties with high humidity, the facility primarily was not air conditioned, the ventilation was inadequate, and the probability of heat related illness was extreme.

The conditions alleged by the appellants are not on par with any that we have recognized as violative of the Eighth Amendment.  Although the appellants contend that it has become "common knowledge" that exposure to the sun can result in skin cancer, they offer no authority establishing that there exists a "clearly established" constitutional right to be free from exposure to the sun.  *See Williams*, 736 F.3d at 688 (noting that the constitutional right allegedly abridged must be clearly established); *see also Burleson v. Tex. Dep't Criminal Justice*, 393 F.3d 577, 590 (5th Cir. 2004) (affirming magistrate judge's ruling of no constitutional violation where there was no evidence that the prisoner's exposure to thoriated tungsten posed a substantial risk of harm).  Moreover, the relatively brief duration of the appellants' exposure to the sun does not mitigate in their favor.  *Cf. Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards"); *see also Helling v. McKinney*, 509 U.S. 25, 36 (1993) (noting that the Eighth Amendment's objective inquiry

4

requires a court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."). Although a prisoner need not show "serious current symptoms" or actual injury to state a valid Eighth Amendment claim, *see Helling*, 509 U.S. at 33, the magistrate judge did not conclude, per se, that the lack of serious injury precluded the appellants' claims. Similarly, the appellants' allegations of injury do not, per se, establish an Eighth Amendment claim. *See Gates*, 376 F.3d at 441.

Proof of "both the subjective and objective elements [is] necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. Because the appellants have not demonstrated reversible error in the district court's rejection of their claims based on their failure to establish an objective Eighth Amendment violation, we do not address their arguments relating to the subjective element of deliberate indifference. It is also not necessary for this court to reach the merits of the district court's finding of Eleventh Amendment immunity, or the finding that Appellant Critchley failed to exhaust his claims. *Cf. Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (noting that plaintiffs seeking to hold defendant liable in official capacity must show a custom or policy resulting in a constitutional violation). The appellants have shown no error in the district court's determination that they failed to exhaust their claims against Captain Saenz. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003).

AFFIRMED.