**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40465
Summary Calendar

ENCISO RODRIGO ACEVES,

Plaintiff-Appellant,

versus

UP SWANSON, UNIT COUNSELOR,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-817
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Enciso Rodrigo Aceves, federal prisoner #17690-198, appeals from the dismissal of his 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Aceves alleges that he was never given Bureau of Prisons' (BOP) BP-9 forms to appeal from any BP-8 dispositions, nor was he ever given BP-10 or BP-11 appeal forms, despite requesting those forms from institution authorities. According to Aceves, he could not have obtained forms from any outside source because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was being held in segregation.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before seeking 42 U.S.C. § 1983 relief in federal court. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998). Aceves's pleadings indicate that the BOP's prison grievance procedure was not available to Aceves for purposes of 42 U.S.C. § 1997e(a). *See Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003).

Aceves alleges that none of the BP-10s that were rejected because they were not written in English were relevant to his federal claims. Aceves alleges that he was told that BP-9 forms would not be provided until the BP-8 forms were acted upon, that the BP-8 forms were never processed, and that his requests for BP-10 and BP-11 forms were refused.

The regulations require that grievances be submitted on the appropriate forms. 28 C.F.R. §§ 542.14(a), 542.15(b). Prisoners "shall obtain the appropriate form from . . . institution staff (ordinarily the correctional counselor)." 28 C.F.R. § 542.14(c)(1). If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not "available" to the prisoner.

Dismissal for failure to exhaust is made based on the pleadings without proof. *Days*, 322 F.3d at 866. The district court is not precluded from revisiting the exhaustion issue "based

2

upon a response by the defendants."  *Id*. at 868.

VACATED AND REMANDED.