# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40668

ROBERT CARL PUTNAM,

> Plaintiff - Appellant

v.

SHERIFF DAVID TRAYLOR, Rains County Sheriff Department; MICHAEL GODWIN, Deputy; JOHN DOE 5, Sheriff Deputy, Sued in his Individual and Official Capacities; NANCY BRIXEY; JONATHAN BEASLEY; RAINS COUNTY, TEXAS; WOODY FISHER, Deputy; STEVEN JONES, Deputy; SAVANAH HARVEY, Deputy,

> Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-223

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Robert Carl Putnam appeals the district court's judgment in this prisoner civil rights matter. The district court determined that Putnam did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40668

not exhaust his administrative remedies prior to filing suit and dismissed his claims. We agree and affirm.

I.

Putnam developed a knee infection while incarcerated at the Rains County Jail. He subsequently filed a civil rights lawsuit complaining that Rains County, Sheriff David Traylor, Jail Administrator Nancy Brixey, and various jail deputies were deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983. The Magistrate Judge (MJ) determined that Putnam's claims should be dismissed based on his failure to exhaust administrative remedies, and found that his claims also failed on the merits. The district court adopted the MJ's report and recommendation and dismissed the lawsuit.

II.

The Prisoner Reform Litigation Act (PLRA) requires that a prisoner exhaust all available administrative remedies before he brings a lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). We take a strict approach to this requirement and review a district court's legal rulings concerning exhaustion de novo and its factual findings for clear error. *Dillon v. Rogers*, 596 F.3d 260, 268, 273 (5th Cir. 2010).

Putnam concedes that he did not meet the exhaustion requirement but asserts that he should be excused because the jailers ignored his multiple requests for grievance forms. The MJ rejected Putnam's argument, explaining this court's exhaustion requirement addressed by *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). The *Gonzalez* court stated that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison

No. 14-40668

grievance process before filing their complaint. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.* at 788. *Gonzalez* is clear that there is no excuse to the exhaustion requirement.

Still, Putnam's assertion that he was not provided with the requested forms begs the question of whether the administrative remedies were indeed available to him. *See Aceves v. Swanson*, 75 F. App'x 295 (5th Cir. 2003) (unpublished) (remedies are not "available" to a prisoner if officials refuse to provide the prisoner with forms needed to exhaust administrative remedies). Nevertheless, this question is put to rest by evidence in the record that Putnam did indeed obtain grievance forms that he used for a different purpose. Putnam contends that from June 23, 2011 until about September 2011 he made several requests for grievance forms to no avail. However, the record reveals that Putnam filed Step 1 and Step 2 grievance forms in August and September 2011 asserting complaints against Dr. Williams, who was not a party to the suit, for improper diagnosis and treatment. Thus, Putnam had access to grievance forms yet failed to exhaust his administrative remedies prior to filing suit as required by the PLRA. Accordingly, the district court properly dismissed Putnam's claims.

AFFIRMED.

3